IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL ANDERSON, | | |
| | Plaintiff, | No. CIV S-07-1061 GEB GGH P |
| vs. | | |
| TOM FELKER, Warden, et al., | | <u>ORDER</u> & |
| | Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      By concurrently filed order, the court has found plaintiff's amended complaint, filed on November 15, 2007 (# 41), appropriate for service upon several defendants. Herein, the court will recommend dismissal of certain of the defendants from the amended complaint.

      As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff lists a host of defendants against whom he does not make colorable allegations, seeking to implicate them apparently for being involved in a classification hearing or hearings. In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2358 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights. Plaintiff's

1  claims against defendants D.E Vandeville, D. Hellwig, J. Owen, D. Peddecord, M. Townsend, R.
2  Kesler, S. Spehling, M. Wright, M. Norgaard which appear to arise solely on the basis of their
3  being involved in a classification hearing should be dismissed without further leave to amend.
4         Plaintiff's allegations against defendant Chief Medical Officer S.M. Roche are
5  that he made statements to the Prison Law Office about medications and treatments plaintiff was
6  receiving and that plaintiff had to be removed from the doctor's office because he had become
7  hostile and disruptive. Amended Complaint, p. 5. Plaintiff does not set forth how such conduct
8  could have resulted in a deprivation of any constitutional right that plaintiff has. As to defendant
9  C/O Tassey, plaintiff fails to set forth any colorable claim against this individual. Defendants
10 Roche and Tassey should be dismissed as defendants without further leave to amend.
11        Plaintiff has had several opportunities to amend his complaint and the court sees
12 no point in permitting any further amendment. Liberality in granting a plaintiff leave to amend
13 "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is
14 not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d
15 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). As noted,
16 plaintiff has had ample opportunity to set forth colorable claims against all defendants. The
17 undersigned therefore finds further efforts at amending the complaint will be futile and will now
18 recommend dismissal with prejudice of the defendants set forth herein.
19 Miscellaneous
20        On October 22, 2007, plaintiff filed a request for a temporary restraining order
21 (TRO)/preliminary injunctive relief, complaining that he is not receiving adequate medical
22 treatment, inter alia, for "chronic lower back pain, severe nerve pain and numbness, arthritis,
23 damage to both wrists with pain, neuropathy in both feet with swelling and pain, narrowing disc
24 at C4-5, squeezing of the left lung and a host of other medical problems." Request, p. 2. He
25 complains that doctors want to keep him on medications like Elavil and Gabapentin which keep
26 him "doped up or mummified" and also cause him headaches and constipation. Id. He

complains that he cannot take aspirin, Motrin, Ibuprofen and certain over the counter pain medications because they cause him stomach pain; thus, he does not receive medication for back or nerve pain and numbness. Id. Plaintiff complains that his pains are causing him to be "a manic depressed person," suffering from insomnia and refers vaguely to medications for his mental health. Plaintiff also complains that he should be removed from close custody. Id. at 2-3.

The court has previously set forth to plaintiff the requisite standards for issuance of a TRO and/or a preliminary injunction. See Order, filed on September 19, 2007, pp. 8-10. In that Order, inter alia, wherein an earlier request for preliminary injunctive relief was vacated without prejudice, the court was explicit that before ruling on plaintiff's claimed need for preliminary injunctive relief, the undersigned intended to afford defendants an opportunity to respond, assuming plaintiff were to frame colorable claims in an amended complaint. The court has now found certain of plaintiff's claims colorable and has found the amended complaint appropriate for service as to certain defendants in a concurrently filed Order. Therefore, once these defendants have been served, plaintiff may again seek preliminary injunctive relief but in order to do so, he must set forth in a declaration explicitly what form of medical relief he is seeking for precisely what conditions, demonstrating in an appropriately supported motion, how the treatment he is currently receiving is not adequate. He may not simply string a series of medical conditions together and allege generically that the medical treatment he is seeking is inadequate. At this time, the court will once again vacate plaintiff's request for preliminary injunctive relief without prejudice.

Plaintiff on January 9, 2008, filed a document he entitled "petition for writ of mandate and declaratory relief," wherein he complains of "underground regulations" being implemented by the California Department of Corrections and Rehabilitation (CDCR) "without compliance with the requirements of the Administrative Procedure Act (APA)." This inapposite filing will be disregarded.

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for TRO/preliminary injunctive relief, filed on October 22, 2007 (#39) is vacated without prejudice; and

2. Plaintiff's inapposite "petition for writ of mandate" (# 45) is disregarded.

IT IS RECOMMENDED that defendants D.E Vandeville, D. Hellwig, J. Owen, D. Peddecord, M. Townsend, R. Kesler, S. Spehling, M. Wright, M. Norgaard, Roche and Tassey be dismissed with prejudice from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/26/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
ande1061.fr