IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ANDERSON,

        Plaintiff,                        2:07-cv-1061-GEB-GGH-P

        vs.

TOM FELKER, Warden, et al.,

        Defendants.               <u>ORDER</u>

        /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On May 30, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. After being granted an extension of time to file objections, by an order filed on June 27, 2008, plaintiff filed objections to the findings and recommendations.[1]

---

[1] Subsequently, plaintiff filed a declaration stating that he had gone on a "hunger strike" in July of 2008 for six days due to his not having received pain medication for his alleged chronic lower back pain, stating he intended to commence another in August of 2008 because he had not received unidentified medication refills and, also, because he was allegedly being denied law

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 30, 2008, are adopted in full; and

2. Plaintiff's too broadly framed and inadequately supported request for a TRO/preliminary injunctive relief, filed on May 7, 2008 (Docket # 57), is denied.

Dated: September 25, 2008

GARLAND E. BURRELL, JR.
United States District Judge

---

library access. Plaintiff's request for preliminary injunctive relief is not predicated on any choice by plaintiff to refuse to eat.

2